UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CASE NO. 6:23-CV-133-KKC

JACK TESSNER, as Executor of
the Estate of CAROLYN TESSNER,
deceased, individually, and on behalf
of all others similarly situated,                                                                                    PLAINTIFF,

v.                                                **OPINION AND ORDER**

HAZARD NURSING HOME, INC.,
*et al.*,                                                                                                                       DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss (DE 8) of the Defendants, Hazard Nursing Home, Inc., Management Advisors, Inc., SEKY Holding Co., and Terry Forcht (the "Defendants"). For the following reasons, the Court will grant the motion.

**I.     FACTS.**

Carolyn Tessner ("Ms. Tessner") was a resident of Hazard Nursing Home from October 2018 through August 2021. (DE 1 at 3–4.) The nursing home was responsible for more than 100 similarly situated residents. (*Id.* at 7.) After Ms. Tessner passed away, Plaintiff Jack Tessner ("Plaintiff") was appointed as Executor of the Estate of Ms. Tessner in December 2021. (DE 8 at 18.) He filed the pending action 19 months after his appointment. (*Id.*)

In July 2023, Plaintiff brought this putative class action against the Defendants alleging that Hazard Nursing Home and other defendants failed to ensure compliance with laws and regulations related to the operation of the nursing facility. (DE 1 at 2–3.) Specifically, Plaintiff alleges that Defendants failed to comply with regulations requiring that a skilled nursing facility must "provide services by sufficient numbers" of licensed nurses and other nursing personnel. 42 C.F.R. § 483.35(a)(1); 902 KAR 20:300(1)(a). Plaintiff alleges that this

1

failure resulted in damages to two subclasses: "private pay residents" and "all residents". (DE 1 at 3, 14–15.) Plaintiff seeks "to redress Defendants' unconscionable and opportunistic failure to provide a sufficiently staffed facility as required by law" through monetary relief for the private pay residents and injunctive relief for all residents. (*Id.*) He concedes that this action does not seek recovery for "bodily injury, wrongful death, or other personal injury claims[.]" (*Id.* at 3.)

Plaintiff brings this action in the form of a negligence per se claim against Defendants. (*Id.* at 17.) Further, he seeks to serve as class representative for both "private pay residents" and "all residents" subclasses. (*Id.* at 14.) Defendants have filed a motion to dismiss arguing that: (1) Plaintiff lacks standing; (2) Plaintiff's negligence per se claim is time-barred by the applicable statute of limitations; (3) Plaintiff fails to state a claim of negligence per se under Kentucky law on multiple grounds; and (4) Plaintiff fails to state a viable alter ego claim against any Defendants. (DE 8 at 1–2.) Because Plaintiff lacks standing to bring his claim, the Court declines to address Defendants' latter arguments.

## II.     ANALYSIS.

### A.     Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir.

2

2009). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

### B. Standing

Defendants argue that the action must be dismissed because Plaintiff lacks standing to seek any of the relief sought in the complaint. (DE 8 at 1.) They argue that because Plaintiff did not allege that Ms. Tessner was a private pay resident and because she is no longer a resident, she lacks standing to assert claims on behalf of either subclass. (DE 8 at 4.) Plaintiff, however, argues that he has standing to sue on behalf of private pay residents regardless of whether Ms. Tessner paid Defendants for her time at the nursing facility. (DE 15 at 3.) He further argues that injunctive relief is available because there is no other adequate relief to fully address the harm of living in an inadequately staffed nursing facility. (*Id.* at 13.)

Article III's Case or Controversy Clause requires that a plaintiff have standing to assert whatever claims they bring before the courts. *Allen v. Wright*, 468 U.S. 737, 751 (1984). To have standing, the plaintiff must establish three elements: (1) that they suffered an injury in fact; (2) that the injury is fairly traceable to the defendant's challenged conduct; and (3) that it is likely that the injury will be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

These standing requirements apply with full force to named plaintiffs who seek to proceed on behalf of a putative class. *Lewis v. Casey*, 518 U.S. 343, 357 (1996). "It is well settled that, at the outset of litigation, class representatives without personal standing cannot

3

predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer." *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 928 (6th Cir. 2002).

Plaintiff has failed to show that Ms. Tessner suffered an injury in fact for purposes of the relief sought for private pay residents. Nowhere in Plaintiff's Complaint does he allege that Ms. Tessner was a private pay resident or at any time paid for the services provided by the Defendants' nursing facility. Injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. "Particularization is necessary to establish injury in fact, but it is not sufficient." *Spokeo, Inc.*, 578 U.S. at 339. It must also be concrete—"that is, it must actually exist." *Id.* at 340.

Plaintiff alleges that the injury in fact suffered by Ms. Tessner and members of the private pay resident class is "being deprived from living in an adequately staffed facility." (DE 1 at 18.) This allegation is vague at best. He states that "the nursing hours per patient day for days during the residency of Carolyn Tessner at the Facility and during the entirety of the class period alleged herein were well below the required levels to meet the collective needs of the residents given the collective acuity of the residents at the Facility[,]" but fails to move the needle past this vague assertion of injury. (*Id.* at 9–10.) He does not allege that Ms. Tessner paid the nursing facility for its services, nor does he allege that Ms. Tessner suffered any kind of bodily injury, wrongful death, or other personal injuries. He simply does not explain how the alleged insufficient staffing resulted in a particularized and concrete injury.

Plaintiff also fails to explain how a favorable decision—monetary or injunctive—would redress the alleged injury. In his response, Plaintiff concedes that Ms. Tessner did not suffer any pecuniary harm in this matter. (DE 15 at 3, 5.) Defendants correctly note that the Complaint "does not identify any way in which Plaintiff is worse off economically, financially, or pecuniarily as a result of Defendants' alleged misconduct." (DE 18 at 2.) Accordingly,

4

Plaintiff has not alleged a concrete injury redressable by monetary damages.

Plaintiff invokes out-of-circuit caselaw that states: "[I]t need not appear that the plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted." *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1104 (D.C. Cir. 1985) (emphasis in original). The issue is that the Court *cannot* ascertain from the face of the complaint that some relief can be granted; in fact, Plaintiff has failed to establish that *any* relief can be granted. Taking the Complaint on its face, the alleged injury appears more contractual in nature than tortious. Yet Plaintiff suffered no monetary damages because Ms. Tessner did not pay for services rendered—inadequate or not. Thus, Plaintiff is not entitled to monetary relief.

Further, injunctive relief cannot be granted in this matter because injury is not imminent. Ms. Tessner is deceased and can suffer no injury at the Defendants' hands. Even if an injunction was granted against Defendants that ordered them to comply with applicable regulations, Plaintiff's proposed injury would not be redressed. Statutes relating to nursing home residents' rights "authorize court action as needed to compel compliance with statutory protections designed for the benefit and enjoyment of residents *during their lifetimes*." *Overstreet v. Kindred Nursing Ctrs. Ltd. P'ship*, 479 S.W.34 69, 77 (Ky. 2015). The Court wishes for Defendants to follow applicable laws and regulations in all circumstances, but Plaintiff is nevertheless the wrong person to bring this claim. Accordingly, the Court must dismiss the action because Plaintiff lacks standing to sue Defendants.

### III. CONCLUSION.

For all the above reasons, the Court hereby ORDERS as follows:

1) the Defendants' Motion to Dismiss (DE 8) is GRANTED;

2) the Court will enter a judgment consistent with this opinion.

5

This 19th day of March, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

6